FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 21, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JUAN MOLINA-SOLORZANO,<br><br>    Defendant. | No.  1:21-CR-02004-SAB-1<br><br>**ORDER DENYING DEFENDANT'S MOTIONS** |

    A motions hearing was held on October 24, 2023 in the above-captioned matter. Defendant was present, in custody, and represented by Nicholas W. Marchi. The United States was represented by Michael Murphy. Pending before the Court are Defendant's Motion and Memorandum Re: Suppression of Evidence, ECF No. 109, Motion and Memorandum to Suppress Statements and Evidence, ECF No. 110, and Motion to Dismiss Indictment, ECF No. 111.

    Defendant is charged with Possession with Intent to Distribute 50 Grams or More of Actual (Pure) Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and Possession with Intent to Distribute 400 Grams or More of Fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), ECF No. 27.

    Defendant's first motion moves to suppress evidence seized from Defendant's residence on or about December 16, 2020, and from his place of business on the same day. Defendant's second motion moves the Court for an evidentiary hearing regarding statements Defendant made to law enforcement officers during his arrest and further moves for an order suppressing those

**ORDER DENYING DEFENDANT'S MOTIONS** #1

statements and evidence. Defendant's final motion moves the Court to dismiss the Indictment based on the Government's failure to preserve evidence that was exculpatory.

At the hearing, and upon hearing from counsel, the Court took Defendant's pending motions under advisement. Since then, and after reviewing the record and relevant case law, the Court denies Defendant's motions.

## Background

The following facts are drawn from Defendant's Indictment, ECF No. 27, Defendant's Motion and Memorandum Re: Suppression of Evidence, ECF No. 109, Defendant's Motion and Memorandum Re: Suppression of Statements and Evidence, ECF No. 110, and Defendant's Motion to Dismiss Indictment, ECF No. 111.

On December 16, 2020, at 1410 Queen Ave. Yakima, Washington, federal agents executed a federal arrest warrant and a federal search warrant of the residence. Upon arrest, Defendant was questioned by law enforcement and gave a statement admitting to involvement in the distribution of controlled substances and the possession of firearms. After searching the residence, officers went to 16 E. Ranchrite Dr., Unit C, Yakima, Washington to execute a federal warrant for that location. At Queen Avenue, law enforcement located several weapons in the house along with a large gun safe that was in the shed in the back yard of the residence. In the safe, law enforcement located a large quantity of narcotics as well as several handguns and rifles. Law enforcement opened the safe without consent. At the business address (the Unit C address), law enforcement did not locate any narcotics, but did locate weapons in Unit C.

Defendant maintains that there was insufficient probable cause to support the request for a search warrant. Defendant further maintains that the warrant contained material misrepresentations and/or omissions that made the warrant

**ORDER DENYING DEFENDANT'S MOTIONS #2**

defective. Defendant also maintains that law enforcement did not have a search warrant for the safe when they opened it, and they did not have consent to open the safe. Thus, the search of the safe was in violation of the law. Furthermore, Defendant argues there is nothing in the record to establish that Defendant voluntarily and knowingly waived his *Miranda* rights. Finally, Defendant also seeks to dismiss the Indictment, alleging that the United States failed to preserve exculpatory evidence. Defendant asserts that a police video of the search of his residence was not preserved and has been destroyed.

The United States argues there was not a material omission in the warrant that would detract from probable cause. The United States indicates that Defendant failed to identify a material omission or misrepresentation, and because opening of the safe was within the scope of the warrant, Defendant's motion to suppress should be denied. The United States argues that law enforcement provided the necessary Miranda warning, that Defendant understood those rights and that he then voluntarily made statements regarding controlled substances and firearms (both of which were located at the residence). Thus, the United States concludes that Defendant alleges no impermissibly coercive activity, and Defendant made his statement freely and voluntarily. The United States, in responding to the motion to dismiss, argues that Defendant does not include documentation showing a record request for an alleged video of the search, nor does he explain how patrol car videos from the Yakima Police Department could be relevant or exculpatory regarding the search of the residence.

## Legal Standard

*Probable Cause*

The Fourth Amendment to the U.S. Constitution requires that no warrants shall issue, but upon *probable cause*, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be

**ORDER DENYING DEFENDANT'S MOTIONS #3**

seized. A search warrant "is issued upon a showing of probable cause to believe that the legitimate object of a search is located in a particular place." *Steagald v. United States*, 451 U.S. 204, 213 (1981). "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). [A]ll data necessary to show probable cause for the issuance of a search warrant must be contained within the four corners of a written affidavit." *United States v. Anderson*, 453 F. 2d 174, 175 (9th Cir. 1971). The test for probable cause is meant to be an "all-things-considered approach." *Florida v. Harris*, 568 U.S. 237, 243 (2013).

"The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [them], including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for … conclude[ing] that probable cause existed." *Illinois*, 462 U.S. at 238-39 (internal quotations omitted).

The court must remember that a "fair probability" does not amount to "certainty or even a preponderance of the evidence," and must not "flyspeck" the warrant affidavit through *de novo* review. *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006). "Direct evidence linking criminal objects to a particular site is not required for the issuance of a search warrant." *United States v. Jackson*, 756 F.2d 703, 705 (9th Cir. 1985). The court need only "determine that a fair probability exists of finding evidence," considering the "type of crime, the nature of items sought, the suspect's opportunity for concealment," and normal inferences about where evidence may be located. *Jackson*, 756 F.2d at 705 (citing *Seybold*,

**ORDER DENYING DEFENDANT'S MOTIONS #4**

726 F.2d at 504). "In the case of drug dealers, evidence is likely to be found where the dealers live." *Angulo-Lopez*, 791 F.2d at 1399.

*Franks Hearing Legal Standard*

A *Franks* inquiry initially presumes that the affidavit underlying the warrant is valid. *United States v. Meek*, 366 F.3d 705, 716 (9th Cir. 2004). In a *Franks* hearing a defendant must establish that 1) the affiant intentionally or recklessly misrepresented the facts, and; 2) the misrepresentation was material to a finding of probable cause. *See e.g. United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002). The Supreme Court has long held that probable cause may be based on hearsay. *Franks v. Delaware*, 438 U.S. 154 (1978).

Affidavits in support of a warrant should be tested in a commonsense and realistic fashion and need only recite sufficient underlying circumstances to enable the magistrate to perform their detached function and not serve as a mere rubber stamp. *United States v. Dubrofsky*, 581 F.2d 208, 212-213 (9th Cir. 1978). A judge's determination of probable cause is not reviewed de novo but is afforded great deference. *Spinelli v. United States*, 393 U.S. 410, 419 (1969); *United States v. Alexander*, 761 F.2d 1294, 1300 (9th Cir. 1985). In close cases the Court should give preference to the validity of the search warrant. *United States v. Holzman*, 871 F.2d 1496, 1511 (9th Cir. 1989). Suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause. *United States v. Leon*, 468 U.S. 897, 926 (1984).

To prevail on a claim that the police procured a warrant through deception, the challenging party must show that the affiant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause. *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009). If an officer submitted false statements, the court purges those statements and determines whether what is left justifies issuance of the warrant. *Id*. at 1224. If probable cause

remains after amendment, then no constitutional error has occurred. *Bravo v. City of Santa Moncia*, 665 F.3d 1076, 1084 (9th Cir. 2011).

*Safes and Other Locked Boxes*

When a specific safe is not listed in a warrant, it is a logical container for any of the many things described in the warrant. *United States v. Gomez-Soto*, 723 F.2d 649, 655 (9th Cir.) (locked briefcase within the scope of warrant's authorization). Where a warrant has been issued, a lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. *United States v. Ross*, 456 U.S. 798, 820-21, (1982). It would be absurd to suggest that a warrant to search the premises could be frustrated by simply concealing the narcotics inside a closed container. *United States v. Williams*, 687 F.2d 290, 293 (9th Cir. 1982). It is axiomatic that if a warrant sufficiently describes the premises to be searched, it will justify a search of the personal effects therein belonging to the person occupying the premises if those effects might contain the items described in the warrant. *Gomez-Soto*, 723 F.2d 649, 654 (9th Cir. 1984).

*Custodial Interrogations*

A custodial interrogation conducted to obtain incriminating statements must be preceded by procedural safeguards, and follow from a knowing, intelligent, and wholly voluntary relinquishment of Fifth and Sixth Amendment rights. *Miranda v. Arizona*, 348 U.S. 437 (1966). An interrogation which is likely, under the circumstances, to produce an incriminating response must be preceded by administration of the *Miranda* warnings, and a valid waiver of said rights, prior to those statements being admissible. *United States v. Mata-Abundiz*, 717 F.2d 1277 (9th Cir. 1983). Once the custodial nature of an interrogation has been established, the burden falls to the government to prove that the dictates of *Miranda* have been complied with by a preponderance of the evidence. *Miranda*, 384 U.S. at 475.

**ORDER DENYING DEFENDANT'S MOTIONS #6**

A confession is involuntary only if the police use coercive means to undermine the suspect's ability to exercise his free will. *Pollard v. Galaza,* 290 F.3d 1030, 1033 (9th Cir. 2002). Impermissible coercive activity can include lengthy questioning, deprivation of food or sleep, physical threat of harm, and psychological persuasion. *United States v. Kelley*, 953 F.2d 562, 565 (9th Cir. 1992) (overruled on other grounds by *United States v. Kim*, 105 F.3d 1579, 1581 (9th Cir. 1997)).

The burden is on the Government to demonstrate the validity of any *Miranda* waiver upon which it seeks to rely, and the Court must indulge every reasonable presumption against waiver of those rights. *United States v. Heldt*, 745 F.2d 1275, 1277 (9th Cir. 1984).

### Discussion

Here, as to Defendant's motion to suppress evidence, Defendant picked out minute details in the underlying affidavit, but fails to identify any material misrepresentation or omission that would alter the decision regarding probable cause. Therefore, the search warrant was valid. As to the safe, the case law is clear, law enforcement had probable cause and legal authority to search the safe. Therefore, Defendant's motion to suppress is denied.

Furthermore, DEA SA Michael Minow read Defendant Molina-Solorzano his *Miranda* rights from a pre-printed card. Defendant has not shown that he made statements regarding controlled substances and/or firearms without the constitutional cover of a *Miranda* warning or that he did not understand his rights. Since Defendant was properly advised and did not prove that he was subject to any coercive activity by law enforcement, his motion is denied.

As to the alleged video of the search at Defendant's residence, the motion to dismiss failed to establish that a video existed, let alone that it contained relevant

**ORDER DENYING DEFENDANT'S MOTIONS #7**

or exculpatory evidence regarding the search. Therefore, Defendant's motion to dismiss is also denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion and Memorandum Re: Suppression of Evidence, ECF No. 109, is **DENIED**.

2. Defendant's Motion and Memorandum to Suppress Statement and Evidence, ECF No. 110, is **DENIED**.

3. Defendant's Motion to Dismiss Indictment, ECF No. 111, is **DENIED**.

4. Pursuant to 18 U.S.C. § 3161(h)(7)(A), the time between June 19, 2023, the date the motions were filed, until November 21, 2023, the date the motions were decided, is **DECLARED EXCLUDABLE** for purposes of computing time under the Speedy Trial Act. The Court finds that the ends of justice served by such a continuance outweigh the public's and Defendant's interest in a speedy trial.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 21st day of November 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTIONS #8**